UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.                                                        Case No: 6:18-cr-43-RBD-DCI

RICHARD HOYT CRAWFORD, JR.

        Defendant.

_____

## REPORT AND RECOMMENDATION

Defendant was found guilty of attempted persuasion, inducement, or enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). On November 26, 2018, the Court entered judgment and sentenced Defendant to 130 months imprisonment to be followed by 10 years of supervised release. Doc. 107. The Court also imposed criminal monetary penalties in the amount of $5,000.00 for the Justice for Victims of Trafficking Act of 2015 assessment (JVTA). *Id*. On July 22, 2021, the United States filed a Satisfaction of Judgment and represented to the Court that Defendant paid the special assessment and the JVTA assessment imposed in the Judgment. Doc. 157.

Pending before Court is Defendant's Motion for Return of Funds wherein Defendant contends that at the time of sentencing, he was ordered to pay $5,000.00 "for a Residential Drug Additional Program (RDAP)." Doc. 171 (the Motion). Defendant states that he was not approved for the program, however, and now seeks the return of the money he paid for the RDAP. *Id*. at 1. Defendant adds that "[t]here is no identified victim in this case so there was no basis for ordering a fine or other restitution." *Id*. In support of the Motion, Defendant files what purports to be a

Notice of RDAP Qualification form; a copy of a check in the amount of $4,500.08 dated May 11, 2021; and a copy of a Department of Justice Notice of Lien. Doc. 171-1.

As an initial matter, Defendant cites no legal basis for the Court to issue an order directing the United States to return the payment. In any event, the record belies Defendant's recitation of the facts. Namely, as part of the Judgment, the Court did not impose a fee related to the RDAP. *See* Doc. 107. Also, the check Defendant has attached to the Motion references the "Department of Justice Lien Payoff" and not the RDAP. Doc. 171-1 at 2.[1] Further, the purported copy of the attached Lien shows that the $5,000.00 figure is based on a special assessment for $100 and the JVTA assessment for $5,000.00. Doc. 171-1 at 3. Accordingly, the undersigned agrees with the United States that Defendant's payment was for the JVTA assessment and not a fee for the RDAP. The undersigned otherwise finds that there is no showing that Defendant is entitled to the return of funds.

Finally, to the extent Defendant claims that the money should be returned because the Court's JVTA assessment was improperly imposed as there was no victim, the undersigned recommends that a motion for release of funds is not the proper vehicle for asserting a challenge to the Judgment or the Court's imposition of a related assessment.

Based on the foregoing, the undersigned recommends that the Motion (Doc. 171) be **DENIED**.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension

---

[1] Shortly after the date on the check, the United States filed the Satisfaction of the Judgment. Docs. 157; 171-1.

of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on April 22, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant